**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS PENSION FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS WELFARE FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS DEFERRED SAVINGS )
FUND, TRUSTEES OF THE CHICAGO )
PAINTERS AND DECORATORS )
APPRENTICESHIP FUND, TRUSTEES OF )
THE CHICAGO PAINTERS AND )     No. 20-cv-6070
DECORATORS  SCHOLARSHIP FUND, )
AND TRUSTEES OF THE CHICAGO )
PAINTERS AND DECORATORS JOINT )
COOPERATION TRUST FUND, )
                              )
           Plaintiffs, )
                              )
    v. )
JAB DESIGN AND RESTORATION, LLC, an )
Illinois limited liability company. )
                              )
          Defendant. )

## **COMPLAINT**

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS

PENSION FUND; TRUSTEEES  OF THE CHICAGO PAINTERS AND DECORATORS

WELFARE FUND; TRUSTEES OF  THE CHICAGO PAINTERS AND  DECORATORS

DEFERRED SAVINGS  TRUST FUND; TRUSTEES OF  THE  CHICAGO  PAINTERS AND

DECORATORS  JOINT  APPRENTICESHIP  FUND; TRUSTEES  OF  THE  CHICAGO

PAINTERS  AND  DECORATORS  SCHOLARSHIP FUND; AND TRUSTEES  OF  THE

CHICAGO PAINTERS  AND DECORATORS JOINT COOPERATION TRUST FUND, by

their attorneys, Donald D. Schwartz, Paul M. Egan, James R. Anderson, Brian C. James, Grant

R. Piechocinski, and ARNOLD AND KADJAN LLP, complain against Defendant JAB DESIGN AND RESTORATION, LLC, an Illinois limited liability company, as follows:

## Jurisdiction and Venue

1.      a.      Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331.

        b.      Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 19 U.S.C. Section 185, and 28 U.S.C. Section 1331, and federal common law.

2.      The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

## The Parties

3.      The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4.      The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council No. 14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5.      The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6.      Defendant JAB DESIGN AND RESTORATION, LLC, ("JAB") an Illinois limited liability company, ("JAB") is an employer engaged in an industry affecting commerce.

### The Agreements

7.      JAB entered into a collective bargaining agreement ("Labor Agreement") with the Union on or about May 13, 2020 whereby JAB agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations.  In the Labor Agreement, JAB also agreed to be bound to the Plaintiffs' Funds' Declarations of Trust.  A copy of the Labor Agreement is attached as "Exhibit A."

8.      Pursuant to the provisions of the Labor Agreement and  Trust Agreements, JAB is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees at the rate and in the manner specified by the Labor Agreement and the Trust Agreements.  In addition, JAB is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

9.      Under the terms of the Labor Agreement and Trust Agreement to which it is bound, JAB  is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not JAB  is in compliance with its obligation to contribute to the Funds.

10.     JAB has failed to make contributions to the Plaintiffs for certain work months during the audit period beginning May 13, 2020.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A.     That JAB be ordered to produce books and records for a fringe benefit Fund contribution compliance job audit for the period from May 13, 2020 through the present: and

B.     Judgment be entered against JAB and in favor of Plaintiffs, in the amount shown to be due based by the audit;

C.     That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, and any prior accumulated liquidated damages, all as provided in the Labor Agreement, Trust Agreements, and 29 U.S.C. Section 1132(g); and

D.     Such other and further relief as the Court deems appropriate.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS PENSION FUND, et al.,**

By:  /s/  James R. Anderson
        One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
BRIAN C. JAMES
GRANT R. PIECHOCINSKI
ARNOLD AND KADJAN LLP
35 East Wacker Drive, Ste. 600
Chicago, Illinois 60601
(312) 236-0415